## RAMSEY VS. COX.

TREASURER'S CERTIFICATES: *Receivable in payment of fees of office, etc.*
On demurrer to a motion for a rule upon the clerk of the supreme court to compel him to receive treasurer's certificates in payment of the fees of his office: *Held,* that under sec. 9, art. XV of the constitution, and the acts of July 23, 1868, March 16, 1869, and March 24, 1869, making treasurer's certificates receivable in payment of state taxes, the salaries and fees of all state, county, town or other officers within the state, may be paid in treasurer's certificates.

PETITION for Rule.
*Rose & Green,* for petitioner.
*T. D. W. Yonley,* for defendant.

SEARLE, J. This is a petetion for a rule upon Norval W. Cox, as clerk of this court, and alleges the following facts: That petitioner is indebted to said Norval W. Cox, as such clerk, in the sum of fifteen dollars as costs due him, accrued in the case of himself (petitioner) against Isaac W. Carhart, lately pending in this court; that since said costs became due, the petitioner tendered and still tenders said Cox the said sum of money in treasury certificates, issued by the state of Arkansas under the provisions of certain acts of the general assembly, said certificates being unredeemed, and that said Cox refused and still refuses to receive the same in satisfaction of said costs; and the petitioner prays that this court may require said Cox, as clerk, etc., to receive said treasury certificates in payment of said costs by a rule upon him for that purpose.

The clerk appeared and demurred in short, upon the record, to the petition.

The demurrer being a concession of the facts, as pleaded in the petition, only questions their legal sufficiency to authorize

the rule as prayed for. The only question presented, therefore, is, is it legally obligatory upon the defendant herein to receive treasury certificates for the costs due him as stated in the petition?

The constitution provides that "all salaries, fees and per diem, or other compensation of all state, county, town or other officers within the state, shall be payable in such funds as may by law be receivable for state taxes." Sec. 9, art. XV, Constitution.

That this provision is applicable to all officers of the state, county, town, etc., within the state, no difference what may be their grade or character, and that the subject of the provision is compensation of such officers, in whatever form due, cannot, we presume, be disputed.

But what is the material part, the predicate, of this provision? The compensation of all officers "shall be payable in such funds as may by law be receivable for state taxes."

The act approved July 23, 1868, provided for the issuance of eight per cent. treasury certificates in small denominations, etc., and declares that "said certificates shall be receivable for all state taxes, except taxes for school purposes, and all other debts due the state," etc. See Acts, 1868, p. 220. Again, the act approved March 24, 1869, provided for the issuance of eight per cent. certificates in small denominations, etc., and declares as follows: "That the certificates or warrants issued by the treasurer of the state of Arkansas under and by virtue of the act aforesaid, and all certificates or warrants which may be hereafter issued by said treasurer in pursuance of law shall be and are hereby made receivable in payment of all state, county and municipal taxes, and all debts due the state whatever," etc. Acts 1869, p. 95. The last act, approved March 16, 1871, continues the issue of treasurer's certificates, but reduces the rate of interest thereof to five per centum, and declares

them "receivable for all state and county taxes, and all other debts due the state, except interest on the public debt." Acts 1871, p. 15.

From these several acts it will be seen that treasury certificates are receivable for state taxes. They were issued to be used by the persons to whom due "or bearer," and in small denominations and on bank note paper, that they might be conveniently used by the people generally for that purpose.

Can such treasury certificates be regarded as funds?

This question may be best answered by ascertaining the proper definition of the term funds. Webster defines it to be "the stocks of a national bank; public securities; evidences of money lent to government for which interest is paid at prescribed intervals," etc. From this definition we have the general and ordinary meaning of this term, and therefrom it must be concluded, we think, that treasury certificates may be regarded as funds. But even though such certificates could not technically be regarded as funds, still they must be considered as coming within the meaning of this section as such. In other words, we can have no doubt from the language used, that the framers of the constitution intended by this section, that whatever should be receivable in payment of state taxes, whether technically denominated funds or not, should also be receivable for salary, fees, etc., of officers. If, then, treasury certificates are funds according to the above definitions, or if they are funds in contemplation of this section of the constitution, and this at least cannot be doubted, the conclusion from this section and the legislative enactments above quoted, that make such funds receivable in payment of state taxes, cannot be avoided, that such certificates are receivable in satisfaction of all dues to officers in compensation for their services as such.

It has been suggested that these certificates were issued in

Ramsey vs. Cox.

violation of the constitution of the United States, and that this section of our constitution and the legislative acts above quoted, as interpreted, under and by virtue of which they were issued and made receivable, etc., are repugnant thereto. If so, it must be because said certificates are bills of credit, or are made a legal tender.

The emission of bills of credit is defined to be the "issuing of paper intended to circulate through the community for its ordinary purposes as money, which paper is redeemable at a future day." 4 Kent Com., 408; 2 Story on Const., secs. 1358–70; *Craig et al. v. The State of Missouri*, 4 Pet., 431.

These certificates were not issued " to circulate through the community for its ordinary purposes, as money; but in every case they were issued as evidences of indebtedness on the part of the state to those to whom they were issued. We see nothing in this to give them the character of bills of credit. Nor, we apprehend, does their circulation among the people on account of their value in the payment of taxes give them that character.

Are these certificates made legal tender, etc.? We think not. They are made receivable merely in satisfaction of salary, fees, etc., of officers. The state government is not bound to pay her officers or public servants any specified amount or character of salary, or to allow them to collect of her citizens any specified amount or kind of fees for their services, unless the same be fixed by the constituion of the state, which is not the case here. The matter of compensation is subject entirely to the control of the people, or the control of the legislature when not inhibited by the people in their constitution. Officers must exercise the privileges or franchises of their offices for the kind and amount of pay that the law makers may prescribe, or resign their positions.

The privileges of the government on the one hand and of

her officers on the other are, in a manner, mutual; the former may say how and what she will pay the latter for their services; the latter may accept such compensation as the former may prescribe, or resign at pleasure.

The rule is ordered.

McLURE, Ch. J., dissented.